IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KENNETH ADAMS,**

      **Petitioner,**

v.                      **CIVIL ACTION NO.: 3:18-CV-157**

**JENNIFER SAAD, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On October 1, 2018, Petitioner acting *pro se* filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] Petitioner is a federal inmate housed at FCI Gilmer who is challenging the calculation of his sentence, including the date his sentence commenced and his good time credits. Petitioner also filed with his petition five additional typewritten pages [ECF No. 1 at 10 – 14], and eight exhibits [ECF Nos. 1-1 through 1-8].

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed.

---

[1] All ECF numbers refer to entries in the docket of Civil Action No. 3:18-CV-157, unless otherwise noted.

## II. FACTS

### A. Conviction and Sentence[2]

On April 19, 1988, Petitioner was found guilty by a jury of one count of second-degree murder in violation of 18 U.S.C. § 1111, and one count of possession of an unauthorized weapon in violation of 18 U.S.C. § 13, assimilating Va. Code § 53.1-203(4). ECF No. 1. The acts forming the basis of these federal convictions occurred while petitioner was a prisoner at the Lorton Reformatory facility in Lorton, Virginia, where he was then serving sentences imposed in the District of Columbia for burglary, felony murder and robbery. Id.

On June 24, 1988, Petitioner was sentence to concurrent terms of imprisonment of 360 months on the second-degree murder charge and 36 months on the unauthorized weapon charge. Id. This sentence was imposed pursuant to the Sentencing Reform Act of 1984 which abolished parole in the federal system and created detailed sentencing guidelines. Id. Moreover, Petitioner's sentence was ordered to run consecutively to the previously-imposed District of Columbia sentence that he was serving at the time he committed the instant offenses. Id.

Petitioner appealed his federal convictions and sentences to the Court of Appeals for the Fourth Circuit on August 26, 1988. The Fourth Circuit subsequently

---

[2] The facts in section II are taken from Petitioner's criminal case, Case Number 1:88-CR-46 in the United States District Court for the Eastern District of Virginia, available on PACER. Because of the age of the case, the facts are taken from a November 16, 2006 order of that court in a proceeding under 28 U.S.C. § 2255. Unless otherwise noted, the ECF entries in section II.A. refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

affirmed his conviction and sentence on June 9, 1989[3]. Id. Petitioner later filed a petition for a writ of certiorari with the United States Supreme Court, which was ultimately denied on October 2, 1989[4]. Id.

Petitioner was eventually paroled on his District of Columbia sentence in April 2002, at which time he began serving the concurrent 36-month and 360-month sentences imposed in 1:88-CR-46. Id. On April 4, 2006, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, contesting the parole eligibility determination rendered in his District of Columbia case. Id. On November 16, 2006, the District Court for the Eastern District of Virginia denied Petitioner's motion to vacate. Id.

On July 30, 2008, the Court denied Petitioner's request for resentencing, reconsideration and reduction of sentence. ECF No. 3 at 7. The Court further ordered that Petitioner's request for permission to file a second or successive § 2255 motion be transferred to the United States Court of Appeals for the Fourth Circuit. Id. The Fourth Circuit denied Petitioner's motion to file a second or successive § 2255 motion by order entered April 1, 2009. ECF No. 4.

On May 9, 2016, Petitioner filed a motion for reconsideration of sentence. ECF No. 8. The District Court denied the motion for reconsideration by order entered June 9, 2016. ECF No. 11.

Petitioner then filed a petition for a writ of mandamus on March 21, 2017, seeking to compel the Bureau of Prisons to calculate the commencement of his sentence

---

[3] United States v. Adams, 877 F.2d 60 (Table), 1989 WL 64143 (4th Cir. June 9, 1989).

[4] Adams v. United States, 493 U.S. 844 (1989).

starting on February 13, 1989. ECF No. 12 at 3 – 4. On July 3, 2017, Petitioner filed a motion for clarification and enforcement of the court's judgment and sentencing order entered on June 24, 1988. ECF No. 13. By order entered August 30, 2017, the District Court denied Petitioner's motion for clarification, writing that he, "has filed another motion in a long line of motions, all of which essentially seek reconsideration of the Court's decision to run [his] federal sentence for murder and possession of an unauthorized weapon consecutively with his conviction in the District of Columbia for felony murder, burglary and robbery." ECF No. 14. On August 31, 2018, Petitioner filed a second petition for a writ of mandamus with the District Court, again seeking to compel the Bureau of Prisons to calculate the commencement of his federal sentence on February 13, 1989. ECF No. 15. Both petitions for writs of mandamus [ECF Nos. 12, 15] remain pending.

### B. Instant 2241 Petition

Petitioner presents three claims for relief: (1) the BOP miscalculated his sentence, particularly the date his sentence commenced [ECF No. 1 at 5]; (2) the BOP has denied Petitioner earned good time credits [Id. at 6]; and (3) the BOP has violated the Accardi doctrine by failing to follow its own procedures in the calculation of good time credits and the calculation of when a sentence commences [Id.]. For relief, Petitioner requests that the Court order the BOP to grant him approximately 5 years of good time credit, and immediately release him from custody. ECF No. 1 at 9, 14.

### III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local

4

Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV. ANALYSIS

The petition states that the grounds raised herein were previously raised in the United States District Court in the Eastern District of Virginia. ECF No. 1 at 7. Additionally, Petitioner states that his request for clarification/enforcement is still pending in another court. It appears that Petitioner refers to his motion [ECF No. 13] in the Eastern District of Virginia case number 1:88-CR-46, however, that motion was disposed of by order [ECF No. 14] entered August 30, 2017, as discussed above. Nonetheless, Petitioner has two outstanding petitions [ECF Nos. 12, 15] for writs of

mandamus in that same case. Those petitions both seek orders to compel the Bureau of Prisons to calculate Petitioner's sentence as if commenced on February 13, 1989. E.D.Va. 1:88-CR-46, ECF Nos. 12 at 3, 15 at 4. In the instant petition filed pursuant to § 2241, Petitioner essentially seeks the same relief, via a different route. His request for relief is for this Court to issue an order finding his federal sentence began on February 13, 1989. ECF No. 1 at 8. It has long been recognized in this Circuit that courts should not rule upon issues when another court already exercises jurisdiction of those same matters. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear on the face of the petition that this court lacks jurisdiction, because the matters addressed and relief sought are already under consideration in two petitions for a writ of mandamus filed by Petitioner in the Eastern District of Virginia, which court has not yet ruled on those pending petitions.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and

7

recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** October 3, 2018

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE