# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KENNETH ADAMS,**

    Petitioner,

**v.**                                            **CIVIL ACTION NO.: 3:18-CV-157 (GROH)**

**JENNIFER SAAD,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 4] on October 3, 2018. In his R&R, Magistrate Judge Trumble recommends that the petition [ECF No. 1] be denied and dismissed without prejudice.

## I. BACKGROUND

On October 1, 2018, Kenneth Adams ("Petitioner"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner asserts three grounds for relief. Id. at 5-6. In his first ground, the Petitioner avers that the BOP miscalculated his sentence, specifically the date his sentence commenced. Id. at 5. In his second ground, the Petitioner asserts that he is being denied good time

credits. Id. at 6. In his third ground, the Petitioner argues that based on grounds one and two, the BOP has violated the "Accardi doctrine." Id.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

The Petitioner was convicted by a jury sitting in the United States District Court for the Eastern District of Virginia on two counts: second-degree murder and possession of an unauthorized weapon. These convictions were based on acts that took place while Petitioner was serving a sentence at the Lorton Reformatory facility in Lorton, Virginia. The District Court sentenced the Petitioner to concurrent terms of imprisonment of 360 months on the second-degree murder charge and 36 months on the unauthorized weapons charge. This sentence was ordered to run consecutively with the sentence he was currently serving. The Fourth Circuit affirmed the Petitioner's conviction, and the District Court for the Eastern District of Virginia denied Petitioner's § 2255 motion to vacate. The Fourth Circuit subsequently denied Petitioner's request to file a second or successive § 2255 motion. Petitioner has since filed other motions with the District Court seeking recalculation of his sentence, which have been denied or are ultimately still pending.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard,

the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any

3

reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the *pro se* Petitioner on October 9, 2018. ECF No. 6. On October 18, 2018, Petitioner's objections were filed on the docket. ECF. No. 7. Accordingly, this Court will review the Petitioner's specific objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

### III. DISCUSSION

Magistrate Judge Trumble recommends that this action be dismissed because the petitions pending before the District Court for the Eastern District of Virginia are essentially seeking the same relief, via a different route. Therefore, this Court lacks jurisdiction to consider the issues. Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. The Petitioner wholly fails to address the magistrate judge's determination that the Court lacks jurisdiction due to the outstanding petitions on the same matter in the Eastern District of Virginia. Rather, the objections generally state "that this Court can [order] the BOP to . . . calculate the commencement of his federal sentence." ECF No. 7 at 2. This is essentially reiterating the Petitioner's

4

relief sought, which was considered by the magistrate judge when he issued the R&R. The Petitioner has failed to argue that this Court has jurisdiction to consider his petition.

Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections to the magistrate judge's analysis as found within his R&R.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 4] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED and DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** November 7, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE